**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LYNNETTE KINER, : | |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| SERVICE FIRST MORTGAGE, : | 1:13-CV-03902-RWS |
| LC, CITIMORTGAGE INC., : | |
| FEDERAL NATIONAL : | |
| MORTGAGE ASSOCIATION, : | |
| and PENDERGAST & : | |
| ASSOCIATES, PC, : | |
|     Defendants. : | |

## **ORDER**

This case comes before the court on Plaintiff Lynnette Kiner's Motion to Remand [11]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff brought this action in Fulton County Superior Court on October 22, 2013. The case was removed by Defendants to this Court on November 25, 2013, pursuant to 28 U.S.C. § 1332. (Notice of Removal, Dkt. [1]). Plaintiff now seeks remand to state court for lack of complete diversity.

### **Discussion**

Unless Congress explicitly provides otherwise, a defendant may remove

AO 72A
(Rev.8/82)

to federal court a civil action brought in state court, provided the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. District courts have original jurisdiction over civil actions between citizens of different States with an amount in controversy greater than $75,000.00. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994) (citations omitted).

The Plaintiff, as master of her complaint, may join claims and parties in a single suit as are permitted by the Federal Rules of Civil Procedure. A plaintiff's decision to join a non-diverse party has repercussions for purposes of removal jurisdiction. However, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

"The burden of establishing fraudulent joinder is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). The removing party has the burden of proving by clear and convincing evidence that either: "(1) there is no possibility the plaintiff can establish a cause of action against

the resident defendant; or (2) the plaintiff fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. (citation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (citation omitted).

Here, Plaintiff is a Georgia resident and Defendant Pendergast & Associates, PC ("Pendergast") is a law firm formed in Georgia that systematically and continually conducts business throughout the State. (Compl., Dkt. [1-1] ¶ 1). Defendants argue that Pendergast was fraudulently joined because Plaintiff has not asserted any claims against Pendergast. However, Plaintiff alleges in her Complaint that Pendergast is a joint wrongdoer under the Georgia Fair Business Practices Act and the Georgia Residential Mortgage Act. She also asserts claims for negligence, conspiracy, and wrongful foreclosure against Pendergast. (Compl., Dkt. [1-1] ¶¶ 33-55).

3

In determining whether these allegations amount to a claim against Pendergast, this Court must apply Georgia's pleading standards, not the plausibility pleading standard used in federal court. Stillwall v. Allstate Ins. Co., 663 F.3d 1329, 1334 (11th Cir. 2011). "The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Ullah v. BAC Home Loans Serv. LP, No. 12-12557, 538 Fed. Appx. 844, 846 (11th Cir. Aug. 16, 2013). "Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms.  Pleading conclusions, rather than facts, may be sufficient to state a claim for relief." Id. (internal quotation marks and citation omitted.) In Ullah, applying the Georgia pleading standard to facts nearly identical to those presented here, the Eleventh Circuit found the district court erred in not remanding the case to state court.  Id. at 847.

Thus, construing the Complaint's factual allegations in the light most favorable to the Plaintiff, the Court finds the Plaintiff has stated an arguable claim under state law against Pendergast and there was no fraudulent joinder. Absent complete diversity among the Parties, the Court must remand this case to state court.

4

## Conclusion

In accordance with the foregoing, the Plaintiff's Motion to Remand [11] is **GRANTED** and all other Motions pending before this Court are **DENIED as moot**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Fulton County, Georgia.

**SO ORDERED**, this 1st day of July, 2014.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)